## WRIGHT v. WRIGHT.
No. 8951.

Court of Civil Appeals of Texas. San Antonio.

Dec. 21, 1932.

Lloyd & Lloyd, of Alice, for appellant.

H. S. Bonham, of Corpus Christi, for appellee.

FLY, C. J.

Appellee sought and obtained a judgment divorcing him from his wife, the appellant, and adjudicating all the property was his and divesting all title out of the wife. The divorce was obtained on November 23, 1927. A petition seeking to set aside the judgment and review the facts appertaining thereto was filed by appellant May 15, 1931. A review of the case and cancellation of the judgment was sought on the ground of fraud in obtaining the judgment. A general demurrer and thirty-eight special exceptions were sustained to the petition.

It was alleged that the parties had lived together as man and wife for twenty-one years, and that four children had been born to the couple; that in January, 1922, appellee had choked and otherwise assaulted appellant, and that she, with her children, had been forced to leave her home and go to relatives in Louisiana, and there cared for her children without any aid from her husband; that on July 8, 1926, a suit for divorce was filed in Bee county, Tex., on the ground of abandonment; that, when she was cited in the case, she employed an attorney in Corpus Christi, and attended the term of court to which she was cited to appear, and the case was continued by appellee. She attended the second term, and again the case was continued by appellee. She charged that the continuances were fraudulently obtained in order to prevent the attendance of appellant. Confiding in her counsel, and expecting, if her presence was required, that he would notify her, appellant did not again attend the court, and judgment was rendered against her in her absence and without her knowledge. She alleged "that her attorney withdrew from the suit, without notifying her, and without notifying her that said suit had been set for trial, and at the time wrote to defendant and his attorney to proceed with the trial, by which aforesaid judgment was procured, unless, he, her said attorney, was present by a given date, which was then and is now, unknown to plaintiff." The attorney had promised to notify appellant of the time the cause was set for trial, which he failed to do.

A general demurrer having been sustained to the bill of review, every fact alleged therein must be taken as true, and, if it be true that the husband, knowing the long distance appellant had to travel to attend court, had twice continued the case fraudulently, in order to prevent her attendance and without tenable grounds, and if it be true that her attorney, in violation of his promise, did not write her as to the time of trial, but, on the other hand, wrote to her husband and his attorney authorizing them to proceed with the trial, and had not attended such trial and represented her, those allegations were sufficient to set aside the judgment. Again, if appellant had been forced by the brutality of her husband to leave her home, she was not guilty of abandonment of her husband, and

she had a just and perfect defense to the action for divorce. Destruction of the marriage relation under the circumstances indicates fraud on the part of the husband, and utter negligence, if not fraud, on the part of an attorney paid to represent her, and appellant is entitled to be heard in her own defense. If the property belonged to the community, as alleged, the judgment as to the property should not have been rendered and should be set aside.

██ The judgment was rendered in November, 1927, and the petition for a review was filed May 15, 1931, several months less than four years after the judgment was obtained. It is contended by appellee that the laches of appellant had destroyed her cause of action, and that she has no standing in a court of equity. We think the allegations in the petition relieve the appellant of the charge of laches. The chancellor has a large discretion as to a lapse of time which would show laches and bar a suit to set aside a judgment. Here we have a married woman driven from her home by the violence of her husband, and compelled to seek shelter for herself and children in another state, who sought a hearing of her defense against the efforts of her husband to divorce her on false grounds, who was betrayed into the belief that her case was being properly represented by a negligent or disloyal attorney, and who sought to avoid the judgment as soon as she became aware that it had been rendered. Her case has a much greater appeal for equity than did the plaintiff in the case of Eldridge v. Eldridge, 259 S. W. 209, written by this court. The correct rule is laid down in that case.

The judgment is reversed, and the cause remanded.